Parsons, C. J.
That part of the trespass which, by the facts agreed, is submitted to our decision, the defendant justifies as agent of “ The Bath Bridge and Turnpike Corporation,” in making a turnpike road, located by the Court of Sessions; and if this road is to be considered, in this action, as legally located, the justification is sufficient and legal.
* This corporation was created by the statute of 1804, [ * 459 ] c. 110, for the purpose, among others, “of laying out and making a turnpike road from Bowdoin College, in Brunswick, to the new meeting-house in Bath, upon as straight a line as circumstances will admit.” And the Court of Sessions, for the county of Lincoln, are authorized, with the consent of the said proprietors, to locate the said road. The road was located by the Sessions; a part of it being laid over the plaintiff’s close; and he objects to the location, on the ground that it is not conformed, as to the termini of the road, to the directions of the act referred to.
It is agreed, or has been admitted, that the trustees of Bowdoin College were seised of a parcel of land, which adjoined on the plaintiff’s close, and also on the great or twelve rod public highway in Brunswick; that on the said parcel of land, so owned by the said trustees, a chapel and hall, and also a house for the president of the college, had been erected before the passing of the statute; and that since the passing of the statute another hall had been built, for the use of the students; that the turnpike commences on this twelve rod way, passing over the plaintiff’s close, about seventeen rods to the northward of the hall first erected, which hall is eight rods distant from the southerly side of the plaintiff’s close; that, had the road run directly from the said “ new meeting-house in Bath” to the college hall already mentioned, it would not have interfered with the plaintiff’s close; and that the road might have been located, on the north side of the hall aforesaid to the said twelve rod way, on land belonging to the trustees of the college.
On this statement we are to decide, whether the Sessions have, or have not, erred in executing the statute.
If by “Bowdoin College” is intended in the statute the hall first built, on which the plaintiff insists, we should incline to support this action ; as the road runs at the distance of seventeen rods from it, without any apparent necessity or public convenience. But if the legislature intended * by Bowdoin College not [ * 460 ] any particular building, but the land holden by the trustees, on which to erect suitable buildings to accommodate the *384 students, their instructers, and governors, then a different construe tian ought to be given to the powers vested in the Sessions.
Alden for the plaintiff.
Mellen and Coijin for the defendant.
And that such was the intent of the legislature we are satisfied; as the word college is more naturally applied to the place where a collection of students is contemplated, than to the hall or other buildings intended for their accommodation. We cannot therefore presume that the legislature designed that part of the college land should be covered with the turnpike, or that the turnpike should not terminate in the great Brunswick road. It is our opinion that, by a reasonable construction of the statute, the turnpike was to be laid out from the great road, near Bowdoin College, to Bath new meeting-house, running as nearly on a straight course as circumstances would admit; and by the actual location the turnpike extends from that meeting-house to Brunswick great road, passing not more than eight rods from the lands holden and appropriated for Bowdoin College.
This distance does not appear to be unreasonable, and it is within the discretion vested by the statute in the Sessions. On this ground, it is our opinion that the defendant’s justification must prevail.
If, however, the Court of Sessions had manifestly exceeded its power, as it was acting, not within its general jurisdiction, but under a special power granted for a particular purpose, we are inclined to believe that the location, under such circumstances, would be void. But it is not necessary to decide this question, as on the first ground we think the defendant’s justification good.
As to the trespass charged on that part of the plaintiff’s close not covered by the turnpike, a rule of reference must be entered, pur suant to the agreement of the parties.